IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| SONNY KING, § | | |
| TDCJ-CID # 1250873, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. V-04-012 |
| § | | |
| CAPTAIN REYNOLDS, et al., § | | |
| § | | |
| Defendants. § | | |

## MEMORANDUM OPINION AND ORDER

Sonny King, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a civil rights complaint under 42 U.S.C. § 1983 against Captain Reynolds and other officials of the Victoria County Jail. After reviewing the complaint and available public records, this court has determined that this action should be **DISMISSED** as frivolous.

King was incarcerated in the Victoria County Jail when he filed this action. He complains that he was having a difficult time understanding the criminal charge against him because the law library at the jail had been closed. King asserts that the absence of a law library has caused innocent people to be found guilty because they do not know their rights. He seeks an injunctive order mandating reinstatement of the law library at the jail.

King's allegation implicates a basic right of jail and prison inmates, the right of access to the courts. *See Bounds v. Smith*, 97 S.Ct. 1491, 1498 (1977). The Supreme Court has held that this constitutional right generally entitles prisoners to have access to adequate law libraries or to persons with legal training. *Id*. However, the Supreme Court decision in *Bounds* does not create a free-

standing right to a law library. *Lewis v. Casey*, 116 S.Ct. 2174, 2180 (1996). To establish an access to courts claim, King must show that he was challenging either the conditions of his confinement or the validity of the conviction for which he is confined and that he needed legal assistance in finding authority to support his challenge. *Johnson v. Rodriguez*, 110 F.3d 299, 310-11 (5th Cir. 1997), *citing Lewis*, at 2182. This need can be fulfilled by either providing a law library or a counselor trained in the law. *Brooks v. Buscher*, 62 F.3d 176, 181 (7th Cir. 1995).

King's complaint is lean on details but it was clear that he alleges that he needed legal help in defending himself against a criminal charge. This court made inquiries using the internet and the telephone. The TDCJ-CID confirmed that King is currently in prison serving a forty year sentence after he had been found guilty of aggravated robbery. *State v. King*, No. 03-10-20,444-D (377th Dist. Ct., Victoria County, Texas, 2004). King entered a plea of not guilty in state district court; he filed an appeal after the trial court entered its judgment; and the Court of Appeals for the Thirteenth District of Texas affirmed the trial court's judgment. *King v. State*, No. 13-04-0446-CR, 2005 WL 2470525 (Tex. App. – Corpus Christi, Oct. 6, 2005), *pet. filed*, Dec. 2, 2005. *See also* Texas Judiciary Website, http://www.13thcoa.courts.state.tx.us. The records reflect that King was represented by counsel on appeal. *See* 2005 WL 2470525. The Victoria County District Clerk's Office confirmed that King had a court appointed attorney during the trial as well as one on appeal. Moreover, a petition for discretionary review is currently pending before the Texas Court of Criminal Appeals. *King v. State*, No. 1880-05.

King had no constitutional right to use a law library because he had a court appointed attorney. *See  Caraballo v. Federal Bureau of Prisons*, 124 Fed.Appx. 284, 285 (5th Cir. Mar. 23, 2005), *citing Degrate v. Godwin*, 84 F.3d 768, 768-69 (5th Cir. 1996). Moreover, King can only

establish an access to courts claim if he can show that the absence of a law library adversely affected his ability to file an essential court document in a timely manner. *MacDonald v. Steward*, 132 F.3d 225, 230-31 (5th Cir. 1998), *citing Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996). King makes no allegation regarding any missed deadline or other procedural deficiency directly attributable to the purported lack of access to a law library. Consequently, he can show no prejudice and is not entitled to relief. *See Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992), *citing Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988).

King's conclusory allegations regarding lack of access to a law library lack any legal basis to establish a section 1983 claim. *See Strickler v. Waters*, 989 F.2d 1375, 1383 (4th Cir. 1993). The court is authorized to dismiss frivolous prisoner actions. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or fact. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). This complaint has no merit and, therefore, will be **DISMISSED** as frivolous.

King has not filed an application to proceed *in forma pauperis*; nor has he paid the filing fee. However, he is obligated to pay the entire filing fee ($ 150.00) under 28 U.S.C. § 1915(b). The TDCJ-CID Inmate Trust Fund will be **ORDERED** to deduct 20 percent of each deposit made to King's account and forward the funds to the Clerk of this court on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b)(2), until the entire fee has been paid.

**Conclusion**

The court **ORDERS** the following:

1.  The TDCJ-CID Inmate Trust Fund shall collect the filing fee ($ 150.00) and forward it to the Clerk of this court as provided in this Memorandum Opinion and Order.

2.  This cause of action, filed by Inmate Sonny King # 1250873, is **DISMISSED** as frivolous. 28 U.S.C. § 1915A.

3.  The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ-CID Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax Number Fax Number (936) 437-4793; ; and Betty Parker, United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** on this 21st day of December, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE